# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MEGHAN TRUE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-2110V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Laura Levenberg, Muller Brazil PA, Dresher, PA, for Petitioner.
Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 29, 2021, Meghan True ("Petitioner")[2] filed a petition in the National Vaccine Injury Program[3] alleging that as a result of a third human papillomavirus ("HPV") vaccine administered on June 7, 2019, she developed transverse myelitis ("TM"). Petition at Preamble (ECF No. 1). On April 11, 2025, the undersigned issued a decision dismissing Petitioner's petition. Decision dated Apr. 11, 2025 (ECF No. 64).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] Petitioner changed her name during pendency of this matter.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 30, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed June 30, 2025 (ECF No. 69). Petitioner requests compensation in the amount of $56,558.50, representing $41,400.50 in attorneys' fees and $15,158.00 in costs. Id. at 2. Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on July 1, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App., filed July 1, 2025, at 2 (ECF No. 70). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Laura Levenberg, $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, $400.00 per hour for work performed in 2024, and $425.00 per hour for work performed in 2025; for Mr. Max Muller, $375.00 per hour for work performed in 2021 and $400.00 per hour for work performed in 2022; and for Ms. Leigh Finfer, $275.00 for work performed in 2023. Petitioner also requests rates between $125.00 and $180.00 per hour for work of their counsel's paralegals performed between 2021 and 2025.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has also reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, the undersigned finds a reduction of fees by $1,426.70 necessary for non-compensable billing entries.[4]

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.

---

[4] Mr. Erik Pavlacsek and Ms. Tereza Pavlacsek billed 33 times for e-filing documents and preparing documents for filing, for a total of $1,181.70. See Pet. App. at 7-16. There are also 8 instances Ms. Levenberg and Ms. Finfer "direct[ed] paralegal" to file documents, totaling $245.00. See id. at 7-9, 12-13. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing documents and preparing documents for filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records is an administrative and noncompensable task). This is not a new issue to counsel. See, e.g., Santiago v. Sec'y of Health & Hum. Servs., No. 21-1562V, 2024 WL 5321763, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 18, 2024) (reducing attorneys' fees for billing for filing, preparing documents for filing, and directing paralegals to file documents and listing cases in which counsel has been warned against these same billing practices). This results in a reduction of $1,426.70.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $55,131.80, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

*/s/ Nora Beth Dorsey*
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.